THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY G.,<br><br>   **Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI,<br>**Acting Commissioner of Social Security,**<br><br>   **Defendant.** | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:21-cv-00623-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

   Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Anthony G.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2] Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 11.

[2] 42 U.S.C. §§ 401-434.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in October 2019.[3] Plaintiff's application was denied initially[4] and upon reconsideration.[5] On March 1, 2021, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[6] The ALJ issued a written decision on April 20, 2021, denying Plaintiff's claim for DIB.[7] Plaintiff appealed the adverse ruling, and, on August 26, 2021, the Appeals Council denied his appeal,[8] making the ALJ's decision final for purposes of judicial review.[9] On October 26, 2021, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[10]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[11] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[12] "Substantial evidence is such relevant evidence as a reasonable mind

---

[3] ECF Nos. 14-16, Administrative Record ("AR ___") 158-59.

[4] AR 70.

[5] AR 71.

[6] AR 39-61.

[7] AR 21-38.

[8] AR 1-6.

[9] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[10] ECF No. 4.

[11] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[12] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[14] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[15]

The aforementioned standards of review apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[16] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[17]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. If he is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[18]

---

[13] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[14] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[15] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[16] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[17] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750

[18] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[19] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[20] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[21] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[22] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[23]

During the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[24] "If the claimant is able to perform his previous work, he is not disabled."[25] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[26]

---

[19] 20 C.F.R. § 404.1525(a); *see also id.* § 404.1520(a)(4)(iii).

[20] *Williams*, 844 F.2d at 751.

[21] 20 C.F.R. § 404.1520(e).

[22] *Id.* § 404.1545(a)(1), (b)-(c).

[23] *Id.* § 404.1545(a)(2).

[24] *Id.* § 404.1520(a)(4)(iv).

[25] *Williams*, 844 F.2d at 751.

[26] *Id.*

From here, "[t]he evaluation process . . . proceeds to the fifth and final step,"[27] where the burden of proof shifts to the Commissioner. The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[28] If the claimant "can make an adjustment to other work," he is not disabled.[29] If, on the other hand, the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[30]

## ANALYSIS

### I. The ALJ's Findings Are Supported by Substantial Evidence.

The ALJ's RFC determination is supported by substantial evidence despite the absence of any physician opining on what limitations should be included in Plaintiff's RFC. An RFC provides a claimant's greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his/her impairments.[31] Although the ALJ's RFC determination must be grounded in the medical record, "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."[32] "In reaching his RFC determination, an ALJ is

---

[27] *Id.*

[28] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[29] 20 C.F.R. § 404.1520(a)(4)(v).

[30] *Id.*

[31] *Id.* § 404.1545(a)(1), (b)-(c).

[32] *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012); *see also Terwilliger v. Comm'r, Soc. Sec. Admin.*, 801 F. App'x 614, 628 (10th Cir. 2020) (same); *Berumen v. Colvin*, 640 F. App'x 763, 766 (10th Cir. 2016) (same); *McDonald v. Astrue*, 492 F. App'x 875, 885 (10th Cir. 2012) (same).

permitted, and indeed required, to rely on *all* of the record evidence, including but not limited to medical opinions in the file."[33] The ALJ is exclusively responsible for determining a claimant's RFC based upon that evidence.[34]

In this case, throughout his decision, the ALJ engaged in a thorough discussion of all the record evidence, including Plaintiff's reports of and testimony about his symptoms, objective medical evidence, and other observations made by medical providers during physical examinations.[35] Additionally, when assessing Plaintiff's RFC, the ALJ articulated how that evidence supported his RFC determination.[36]

Nevertheless, Plaintiff counterfactually argues that the RFC assessment was "crafted out of whole cloth."[37] Specifically, Plaintiff contends that "since the record contained no medical opinions, the RFC was created without any medical opinion to guide the ALJ as to the functional impact of Plaintiff's severe impairments."[38] Plaintiff states that the ALJ overstepped by independently interpreting raw medical data in crafting the RFC, thus "play[ing] doctor."[39] The court agrees with Plaintiff that "an ALJ errs by attempting to derive functional limitations from 'raw' or 'bare' medical data, in the absence of a physician's conclusion about how a claimant's

---

[33] *Wells v. Colvin*, 727 F.3d 1061, 1071-72 (10th Cir. 2013) (emphasis in original).

[34] 20 C.F.R. § 404.1546(c) ("If your case is at the [ALJ] hearing level . . . , the [ALJ] . . . is responsible for assessing your [RFC]."); *see also Chapo,* 682 F.3d at 1288 ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." (alteration in original) (quotations and citations omitted)).

[35] AR 26-34.

[36] AR 29-32.

[37] ECF No. 21 at 7.

[38] *Id*. at 8.

[39] *Id*.

physical condition impacts her ability to engage in various activities."[40] However, the court finds that, in this case, the ALJ did not interpret raw medical data on his own.

Here, when considering the objective medical evidence, the ALJ did not sit as a medical doctor making his own diagnoses and determinations regarding Plaintiff's medical conditions and what effect, if any, those conditions had on Plaintiff's abilities. Instead, the ALJ considered the observations of the various medical providers that they noted in their treatment notes. This is evident by the ALJ's citations to the medical providers' reports when discussing the medical evidence that these professionals observed.[41] Although an ALJ cannot make his/her own medical diagnoses from raw medical data in the record, an ALJ must be able to look at the interpretations of a plaintiff's raw medical data and determine limitations for a Plaintiff's RFC even if no medical professional offered any opinion as to what those RFC limitations should be. Indeed, if an ALJ is empowered to determine the limitations in a plaintiff's RFC that are entirely different from those recommended by medical professionals,[42] then an ALJ must also be able to determine limitations in an RFC when no medical professional proffered any opinion as to what those RFC

---

[40] *Mondragon v. Colvin*, No. 13-cv-01354-PAB, 2015 WL 1514536, at *6 (D. Colo. Mar. 27, 2015).

[41] AR 29-32.

[42] *See, e.g.*, *Young v. Barnhart*, 146 Fed. Appx. 952, 955 (10th Cir. 2005) ("The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect [his] ability to perform work-related activities . . . the final responsibility for determining RFC rests with the Commissioner, based upon all the evidence in the record, not only the relevant medical evidence."); *see also Gordils v. Sec'y of Health and Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (stating that, without a medical expert, an ALJ may nevertheless rely on evidence in the record, evaluate the evidence and determine how the evidence relates to the claimant's RFC limitations, if a lay person would be capable of evaluating such evidence and determining how that evidence would relate to the claimant's RFC limitations).

limitations should be. By reasonably reaching a decision based on all relevant medical and other evidence, the ALJ performed the precise function that the law requires. Accordingly, Plaintiff's argument fails, and the ALJ's RFC determination is supported by substantial evidence.[43]

## II.     The ALJ Was Not Required to Order a Consultative Examination.

It was unnecessary for the ALJ to order a consultative examination to resolve the impairment issue because the record was sufficient to make an RFC determination. When deciding whether to order a consultative examination, the ALJ must be confronted by an inconsistency in the medical evidence, or the evidence as a whole must be insufficient to make a determination.[44] That is not the case here.

In January 2020, state agency physician Ralph McKay, M.D., reviewed Plaintiff's medical records and concluded that there was insufficient evidence to fully evaluate his claim.[45] At first blush, that would seem to indicate that there was insufficient medical evidence, which would require a consultative examination. However, such an argument is belied by the fact that

---

[43] As part of his argument that the ALJ erred in assessing Plaintiff's RFC, Plaintiff points to select portions of the record that, according to Plaintiff, show that his impairments imposed greater limitations than those found by the ALJ. In doing so, Plaintiff invites the court to reweigh the evidence, which is an unavailing tactic on appeal. The court does not reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)). Thus, the court rejects Plaintiff's invitation to reweigh the evidence.

[44] 20 C.F.R. § 404.1519a(a)-(b).

[45] AR 68.

Dr. McKay noted that a consultative examination was not necessary to develop the record.[46] Dr. McKay then concluded that the information in the record was sufficient to determine that Plaintiff was not disabled on any date through March 31, 2019.[47] In May 2020, state agency physician Gregory Stevens, M.D. affirmed this finding.[48] Dr. Stevens found that there was insufficient evidence as there were "no physical exams to evaluate functionality."[49] However, like Dr. McKay, Dr. Stevens determined that a consultative examination was not required.[50] Dr. Stevens then concurred that sufficient evidence existed to find that Plaintiff was not disabled.

In addition to relying on these two physicians' opinions that a consultative exam was unnecessary, the ALJ had evidence in the record that post-dated the opinions of Drs. McKay and Stevens. That evidence further supported a finding that Plaintiff was not disabled.[51] Based on the entire record, including the determinations by the state agency physicians that ordering a consultative examination was unnecessary, the ALJ's decision is supported by substantial evidence.[52]

## CONCLUSION AND ORDER

As demonstrated above, Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

---

[46] AR 64.

[47] AR 68-69.

[48] AR 78.

[49] AR 76.

[50] AR 75.

[51] AR 210-219; 227-230; 458-595.

[52] AR 29.

IT IS SO ORDERED.

DATED this 17th day of October 2022.

                BY THE COURT:

                JARED C. BENNETT
                United States Magistrate Judge